IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## APRIL TERM, 1795.

[264] · READ v. STEVENS.

*Lands seized in execution by a sheriff, may, after his death, before sale, be sold by his executor or administrator.*

In this case it appeared that about twenty years previous, near the commencement of the Revolution, Read obtained judgment in the Supreme Court against Stevens, in an action of debt, for a large sum of money, and issued a *fi. fa.*, directed to Barns, the then sheriff of the county of Hunterdon, who, by virtue of the writ, levied upon a plantation belonging to Stevens, and returned the seizure upon the *fi. fa.*

Barns soon after joined the British troops on Long Island and died. The defendant made several attempts to discharge the debt in continental money, by bringing it into court; but being irregular, after several rules and various proceedings, the tender was discharged; and in September Term last, the plaintiff obtained a rule to show cause why a *distringas* should not issue to the administrator of Barns, the sheriff, commanding him to sell the lands which had been seized in execution. The case was argued in November Term, by *R. Stockton* and *Ab. Ogden*, for the rule, and by *Leake* and

306

Read v. Stevens.

*Aaron Ogden,* against it; and again argued at this term by the same counsel.

[265] For the defendant, it was contended, that the execution of process was a personal authority, delegated to a special individual, by whom alone it could legally be performed. That no interest vested in, and no duty devolved on, the administrator, as representative of a deceased sheriff; that he was not authorized to interfere in lands, and that the authority to convey on a sale was specially confined to the sheriff by the act of assembly.

For the plaintiff, it was argued that lands, by the act of assembly, and by the whole course of the decisions of the courts of this state, are made chattels for the payment of debts on execution ; that by the seizure the sheriff acquired a special property in them, which, at his death, could be considered as vesting only in his representatives, who might, therefore, be called upon to sell ; that a remedy in such cases ought to exist, and no other can be suggested.

The court were unanimously of opinion that, so far as respected the payment of debts on execution, lands were to every intent chattels, and that chattels seized in execution might be sold by the executor or administrator of a deceased sheriff.

In delivering the opinion of the court, KINSEY, C. J., said that executions were favored by the law.    6 *Mod.* 298, *Clerk* v. *Withers.*    It must be ended by the person who begins it.    1 *Burr.* 34, *Cooper and al.* v. *Chitty.*    By the seizure, an officer gains such a property as that he may maintain trover against the former owner or other person.    *Vent.* 52.    The title of the defendant is thereby absolutely divested.    6 *Mod.* 294 ; *Salk.* 323 ; 2 *Saund.* 343, *Mildmay* v. *Smith.*    A venditioni or distringas does not give any new authority.    6 *Mod.* 294 ; 2 *Ld. Ray.* 1074.    By the seizure, the defendant is absolutely discharged from the debt.    He may plead it to a

*sci. fa.*, or to an action on the judgment, and a second *fi. fa.* cannot issue after a seizure. 2 *Ld. Ray.* 1075 ; *Cro. El.* 391 ; *Gilb. Ex.* 25 ; *Moor.* 468. And this is so whether the sheriff pays the money or not.

Rule absolute. (*a*)

(*a*) See 1 *Bl. Rep.* 69, in addition to the foregoing authorities.

